GEORGIA,
Chatham Co.
JAN. 1' 07.

Gibbons
vs.
Gibbons.

*Minutes of Superior Court, letter F. p.* 311.

*January Term,* 1807.

THOMAS GIBBONS, Esq.

*vs.*

JOHN GIBBONS, Esq. Tax Collector.

#### APPEAL.

THIS was an action of trespass on the case, brought by the plaintiff, *Thomas Gibbons*, against the defendant, *John Gibbons,* and the declaration states, " That *John Gibbons,* Tax Collector for the county of Chatham, hath, in quality of tax collector, claimed of the plaintiff, under the tax laws of this state, the sum of thirty-six dollars for taxes on two lots, Nos. 8 and 9, in Franklin Ward, within the city of Savannah." The plaintiff then avers, " that he hath not the fee simple in the said lots, but only a leasehold, and that the fee simple is in the corporation of the city of Savannah, for and in behalf of the whole body of citizens in the said city ; that in and by the laws of this state and custom immemorial the city were not at any time liable to pay the state any tribute or tax prior to the leasing of the said property ; and that the plaintiff by becoming a lessee hath not varied the principles or changed the right of exemption." The declaration then concludes, " that the defendant is not ignorant of the premises levied on said lots to the amount of $36, and great injury done to the plaintiff, &c."

The second section of the *ordinance* of the corporation of Savannah, passed the 25th September, 1790, ordains, 1. That the city lots shall be sold in arithmetical progression, at public auction ; 2. That they shall be set up at a *valuation* contained in a schedule ; 3. That the sum bid upon that valuation shall be considered as increase money, and paid down

15

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

in cash, and that the highest bidder of increase money shall be considered the purchaser.

4. That it shall be at the option of the purchaser to pay the valuation and increase money down, or to retain the valuation in his hands, or the hands of his *heirs* and *assigns for ever*, on a ground rent of 5 per cent. But that it shall be in the power of the purchaser, his *heirs* or *assigns*, to pay in the valuation money, with the rent then due, and extinguish the ground rent.

*Thomas Gibbons*, the plaintiff below, purchased upon these conditions the city lots, Nos. 8 and 9, and he now resists the payment of the state tax upon these lots, upon the ground of his being only the *lessee* of the corporation.

He contended, that the deed of conveyance from him to the corporation created only a leasehold estate, so long as he thought proper to pay a ground rent of 5 per cent. quarterly, upon the valuation money, according to the terms of his deed, which recited the conditions of the ordinance of 1790 ; and that until the ground rent was extinguished by the payment of the valuation money, the fee simple vested in the corporation of Savannah ; which by custom and the law could not be liable to the payment of the public taxes.

Mr. Attorney General *Charlton*.

The plaintiff below states in his declaration, that *John Gibbons*, then tax collector of Chatham county, claimed $36 for taxes on lots No. 8 and 9, situated in Franklin Ward, in the city of Savannah ; that he hath only a leasehold estate in the said lots ; that the fee simple is in the city of Savannah ; that by the laws of this state and custom immemorial the city was not liable at any time, to pay the state any tribute ; that he as a *lessee* had not varied the principle of exemption ; and that the defendant below hath levied on the premises to satisfy the aforesaid assessment.

From this form of pleading the following points present themselves for investigation :

1. What is the species of tenure created by the titles of

the corporation to the grantees of city lots, sold pursuant to the ordinance of the 28th September, 1790?

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

2. Do the conditional conveyances of the corporation exempt the grantees from the payment of the state taxes?

The purchaser of city lots has it at his option to obtain an absolute fee simple title by paying down the valuation and increase money, or, to keep the estate in himself, his " *heirs and assigns for ever*," by paying 5 per cent. quarterly, upon the valuation.

The second section of the before recited ordinance, also declares, that on the failure of the payment of ground rent, fifteen days after it becomes due, the lots shall *revert* to the corporation.

*Thomas Gibbons*, a purchaser of city lots, sold pursuant to the directions of this ordinance, alleges, that he is nothing more than a lessee of the corporation, and therefore not subject to the payment of the taxes.

We, on the other hand, contend, that convey and assure to Mr. *Gibbons*, a *freehold of inheritance to be defeated upon the nonperformance of a condition subsequent.*

If Mr. *Gibbons* is simply a lessee of the corporation, it must appear so, on the face of his deed. That deed conveys an estate to him, his *heirs and assigns for ever*, upon the condition of paying a quarterly ground rent.

The technical expressions of the deed cannot create a lease.

A *lease* is a conveyance of lands and tenements for life, for years, or at will; but always for a *less* term than the lessor hath in the premises; its operative words are *demise*, grant, and to *farm let*. Co. Litt. 45. 2 Blk. Com. 317.

The deed from the corporation does not and cannot contain these operative words, nor is a *less term* conveyed than the lessor had in the premises. It conveys the *whole* interest dependent upon a contingency. The conveyance from the corporation cannot be denominated a *lease*.

The titles from the corporation do not create an estate for life. Litt. 56. 2 Tuck. Blk. 120.

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

An estate for life is by express or general language ; the first, where a lease is made to a man of lands and tenements for his own life, or the lives of others ; the second, where the deed leaves the nature of the estate indefinite.

The titles of the corporation to the grantees of city lots preclude the idea of this species of estate ; because they neither expressly convey the estate for life, nor are the terms so generic as to create that estate.

The titles of the corporation do not create an estate for *years*.

That estate is created by a contract between the lessor and the lessee for the possession of lands, to expire at a determinate period. Com. Dig. vol. 4. p. 45. 2 Bl. Com. 141.

The titles of the corporation convey an interest, which may last *for ever*.

We have thus pursued the idea of a lease in all those branches which can in any manner apply to the present discussion ; and sufficiently shown that the contracts between the corporation and the purchasers of its lots, cannot create a *lease*.

We will in the next place endeavour to evince, by adopting a similar train of definition, that the estate created by the city titles is a *freehold estate of inheritance*, which may be defeated upon the nonperformance of a *condition subsequent*.

The highest estate the law recognises is the estate in fee simple.

A tenant in fee simple is he that hath lands, tenements, or hereditaments, to hold to *him and his heirs for ever*. 2 Blk. Com. 104. 1 Inst. 1.

The word "*fee*," is derived from the nature of the feudal system. It imports, that the land is held of some superior, to whom certain services are due, and in whom the ultimate property resides.

In England, to the present day, there is a system of dependency and vassalage, which preserves the spirit of the feudal law, though the literal inconveniences and oppressive

principles of that law are done away with by 12 Car. 2. c. 24.

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

The tenant in fee simple in England, and his heirs, have the uncontrolled disposal and enjoyment of the use of the land, but that land is still held of some superior.

The British subject hath only the usufruct, not the absolute property in the soil.

Only one man in England, and he is the king, hath an absolute allodial property in the soil. *Predium domini regis est directum dominium, cujus nullus est author nisi deus.* Co. Litt. 1.

The Revolution hath destroyed the ideas attached by the English law to an estate in fee simple. We adopt the term fee simple, as *indicative* of the highest species of tenure which can be created, and in creating that estate, we also adopt the forms, the principles, and technical expressions of the English law. But the term *fee*, as it imports a subjection to some superior in a feudal acceptation, is unknown to the constitution and laws of the American people.

The citizen seized of an estate called a fee simple, holds his lands of no superior.

The connexion between him and the government is a connexion founded upon the doctrines of the social compact, the leading principles of which are, mutual protection, and the preservation of certain political rights and forms of government. The tenure by which estates may be held can neither diminish or enlarge the sphere of that protection, or those civil rights. The government of England has its basis on the feudal system, the very genius of which is a chain of dependency from the lowest up to the highest species of estates. The term *fee*, that is, an acknowledgment that I hold my estate of some superior, in whom the ultimate property resides; but the use of this estate is vested in myself, my heirs and assigns for ever, is the English fee simple estate.

A man seized of lands and tenements to himself, his heirs and assigns for ever, in the state of Georgia, (and every other state in the union,) is seized thereof absolutely in his

GEORGIA,
Chatham Co.
Jan. 1807.

Gibbons
vs.
Gibbons.

own demesne, and the *allodial estate* or property remains in himself and his descendants.

This is called the allodial tenure in contradistinction to the fee, and this is the estate which we improperly call in this country a fee simple.

The word " *heirs,*" however, in this country, and in England, creates the estate in fee simple. It is a term incompatible with any other kind of estate. The titles of the corporation contain this operative word—they convey to the purchaser, his " *heirs and assigns for ever.*"

Upon the demise of the ancestor the heirs take possession of the lots, by the legal operation of the deed. Is not this an estate in fee simple ?—is it not a freehold of inheritance ? But there is a condition in the deed which possesses the magical power of giving the purchaser's estate the aspect of a freehold of inheritance, when he and his heirs will it so to be ; yet, when the state calls upon him, or his heirs, to pay a small tax towards the support of the government, this freehold of inheritance suddenly changes its front, and presents a leasehold—a simple chattel interest, which has been exempted from taxation time immemorial ! (this immemorial time, however, takes its date from the year 1732.)

Is there any thing in the condition of the city conveyance incompatible with an estate of freehold of inheritance ? We say, that the condition of the conveyance does not militate against such an estate.

A *base fee*, or qualified fee, that is, an estate having a qualification subjoined thereto, is determined whenever that qualification is at an end. 2 Blk. Com. 108.

A fee of this description, however, is a freehold of inheritance. As a grant to a man and his heirs, tenants of the manor of Dale, the estate ceases when the heirs of the grantee are not tenants of the manor of Dale. 2 Blk. Com. 108.

This is called a fee, because by possibility the estate may endure for ever ! So the estate created by the corporation titles may endure for ever. It is therefore a fee.

So a grant to A. his heirs and assigns for ever, of these city

lots, he or they paying a quarterly ground rent of 5 per cent. The estate ceases, when the re-entry is made by the corporation for a non-compliance with the qualification subjoined to the grant. In the mean time A. and his heirs have a freehold estate of inheritance.

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

So the conditional fee at common law determined when the donee died without heirs, which was the qualification of that kind of estate, or, if the estate did not descend to a particular class of heirs. 2 Blk. Com. 109.

The entailed estates created by the statute of Westminster are freeholds of inheritance, the duration of which depend upon a condition.

An estate in fee simple or otherwise may be granted upon a condition; and this condition may be precedent or subsequent.

If a man grant an estate in fee simple, reserving to himself and heirs a certain *rent*, and that if such rent is not paid at the times limited it shall be lawful for himself and heirs to enter and avoid the estate; in this case the grantee and his heirs have an estate (in fee simple,) which is defeasible if the condition is not strictly performed. 2 Blk. Com. 153.

The term " *successors*" in a grant to, or from a corporatio , is equivalent to the term " *heirs*," to or from individuals. 2 Blk. Com. 108.

The purchasers of city lots possess titles in fee simple, upon the condition of their paying a certain rent, and if not paid at limited times, it is lawful for the corporation to re-enter and avoid the estate.

If the high British authority referred to, contains the law of this country, the principle has been established, that the purchasers of city lots, are seized of a freehold of inheritance, which may be defeated upon the non-performance of a condition subsequent.

The condition contained in the title of the corporation is a condition subsequent, and it is a condition in *deed*, because it requires an act to be done by the corporation before the reversion is consummated. 2 Blk. Com. 154.

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

It is said by the authorities, that so long as the condition remains unbroken, the grantee may have an estate of freehold, if the estate upon which the condition is annexed be of a freehold nature.

We have shown that the title of the corporation conveys a freehold, because its technical and operative words are appropriate to a freehold of inheritance.

The reservation of a rent is not repugnant to the nature of a freehold of inheritance.

In the proprietary governments, when these states were colonies, a quitrent was reserved, upon the nonpayment of which by the tenants, the estate was forfeited; but the tenant during the continuance of his estate, which was a freehold, paid his taxes for the support of the then sovereign power.

2. Are the purchasers of city lots subject to the payment of the state taxes?

The solution of this question will depend upon the admission of the nature of the estate we have supposed the city grantees to be in possession of.

The plaintiff below does not attempt to deny, that if he is not a lessee, the estate he derives from the corporation is subject to the state taxes.

If the estate held by the plaintiff is a simple lease, he is certainly exempted from the state assessment, not by custom immemorial, but because the state tax laws do not impose it.

There is no principle of law, common or statutory, which exempts corporate bodies from the public taxation.

The silence of the legislature is the only ground of exemption.

But if it still remains equivocal (notwithstanding the principles we have advanced,) whether the estate of the purchaser of city lots is a freehold of inheritance or not, still we must view these lots as lands granted to the plaintiff, and therefore subject to the state taxation. Marb. and Crawf. Dig. 516, and the tax acts passim.

These lots are granted to the purchasers and upon a con-

dition which may last for ever; and yet it is said that a lease of lands for ever doth not subject the lessee or grantee to the state taxation!

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

The corporation must be bound by the technical expressions of the grant.

If the corporation had wished to exempt their grantees from the state taxation, that might have been effected by a demise of 500 years, the estate to be defeated upon the non-payment of the 5 per cent. quarterly ground rent, and a fee simple title to be given upon payment of the valuation money.

As the title is to be taken, it is a grant which may last in perpetuity, and as a grantee of such conditional perpetuity, he is unquestionably subject to the state taxes.

The title of the corporation is therefore not a lease.

Because, it does not convey a *less* term than the lessor hath in the premises.

Because, it is not an estate for life, expressly created, nor is that estate created by the indefinite language of the deed: and,

Because, it is not for a determinate period.

The title of the corporation conveys a freehold of inheritance.

Because, it conveys the lots to the "HEIRS" and "ASSIGNS" of the purchasers, "for ever;" and it is a freehold of inheritance upon a condition subsequent.

As a freehold of inheritance the lots are by the admission of the plaintiff below subject to the payment of the tax ; or if that admission is denied, the form of the corporation grant subjects the lots to taxation.

Judge *Jones* having an interest in the question, as a purchaser of city lots, or in some other capacity,

*Skrine*, Judge of the Middle District, was requested to preside on the trial of this particular case.

The *Judge*, in his charge to the special jury repeated the law as it had been cited by Mr. Attorney General, and then left it to the jury, according to the judicial system, to deter-

16

GEORGIA,
Chatham Co.
JAN. 1807.

Gibbons
vs.
Gibbons.

mine whether Mr. *Thomas Gibbons* was the lessee of the corporation, or whether the deed did not create a freehold estate of inheritance. If the latter estate was created, the lots were certainly subject to the state taxation.

The Judge then observed, that it was the province of the jury to decide upon facts *ad questionem facto respondent juratores.* In this case there was no fact, the question involved only a principle of law, which from the nature of things should receive its exposition from the bench; but as neither the practice of our courts, nor the judicial system of the state, admitted of any form, by which the case could be referred to the exclusive judgment of the court, he was necessarily compelled to submit the whole of the law to the jury.

Verdict for the Tax Collector.

*Gibbons*, for Appellant.
*Charlton, A. G.* for Tax Collector, the Respondent.